UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-CV-00143-GNS

WILLIAM BOWEN et al.                                                                PLAINTIFFS

v.

PAXTON MEDIA GROUP, LLC                                                          DEFENDANT

# ORDER AND FINAL JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (DN 77), and Plaintiff's Unopposed Motion for Final Settlement Approval (DN 84). On April 3, 2024, the Court granted preliminary approval to the settlement agreement (DN 74-1) ("Settlement Agreement"). (Mem. Op. & Order, DN 75).

On September 18, 2024, the Court conducted a telephonic fairness hearing to consider the fairness of the proposed Settlement Agreement (DN 74-1), hear any objections, and determine whether to grant the pending motions. (Mem. Hr'g, DN 88). No class members attended, and no objections have been filed, submitted to the attorneys, or received by the Court. The Court has considered all matters submitted as the fairness hearing, the pleadings, the applicable law, and the record. For good cause shown and as detailed below, the motions are **GRANTED**. The Court **ORDERS** as follows:

1. **Class Representatives.** Plaintiffs William Bowen, Amy Brasher, Jesse Rogers, John Champion, Jesse Gilstrap and Mary Bleier-Troup (collectively "Class Representatives") are appointed as class representatives on behalf of the settlement class.

1

2. **Class Counsel.** Pursuant to Fed. R. Civ. P. 23(g), Attorneys Lori G. Feldman, of George Feldman McDonald, PLLC and William B. Federman of Federman & Sherwood (collectively "Class Counsel") are appointed as class counsel for the Settlement Class.

3. **Final Certification of the Fed. R. Civ. P. 23 Class.** The Court finds that the proposed class, as defined in the Settlement Agreement, meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3). The Settlement Agreement satisfies the prerequisites of Fed. R. Civ. P. 23 because: (i) the class is so numerous that joinder of all members is impractical; (ii) there are common questions of law or fact; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of other members of the class; (iv) and the Class Representatives and Class Counsel will fairly and adequately protect the interests of the class. Accordingly, for the purposes of settlement, the Court certifies the Fed. R. Civ. P. 23 settlement class consisting of the following class members:

> [A]ll natural persons residing in the United States whose personally identifiable information was compromised in the Data Security Incident that occurred in February and March 2021 and who received notice from [Paxton Media Group, LLC ("PMG")] of that Data Security Incident. All members of the Settlement Class that do not opt out of the settlement shall be referred to as Settlement Class Members. Excluded from the Settlement Class are: (i) PMG; (ii) the Related Entities;[1] (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and

---

[1] In the Settlement Agreement, the term "Related Entities" is defined as:

> PMG's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of PMG's respective predecessors, successors, directors, officers, shareholders, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Lawsuit, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, or aiding or abetting the criminal activity associated with the Data Security Incident or who pleads nolo contendere to any such charge.

(Settlement Agreement 8-9, DN 74-1).

their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

4. **Approval of the Settlement Agreement**.  The Court approves the settlement, as set forth in the Settlement Agreement pursuant to Fed. R. Civ. P. 23.  The Court finds that the settlement meets all requirements of Fed. R. Civ. P. 23(e), including the factors set forth in *International Union, United Automobile, Aerospace, & Agricultural Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), and its progeny, and is in all respects fair, reasonable and adequate, and in the best interests of the settlement class, including the Class Representatives.  The Court further finds that the settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the parties, that Class Counsel and Plaintiffs adequately represented the settlement class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the settlement class is adequate, and that the Settlement Agreement treats settlement class members equitably relative to each other.  Accordingly, Plaintiff's Unopposed Motion for Final Settlement Approval (DN 84) is **GRANTED**, and the Settlement Agreement is approved in all respects.  The parties are directed to carry out the Settlement Agreement in accordance with all its terms and provisions, including the termination provisions.

5. **Notice to the Fed. R. Civ. P. 23 Class.**  The Court finds that the mailed notice, publication notice, Settlement Website, and Notice Program implemented pursuant to the Settlement Agreement and this Court's Memorandum Opinion and Order (DN 75) granting preliminary approval of the Settlement Agreement:  (a) were implemented in accordance with the Memorandum Opinion and Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to

apprise Settlement Class Members of the pendency of this lawsuit, of the effect of the proposed Settlement Agreement (including the releases, Released Persons and Released Claims to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the fairness hearing, of the claims administration, and of Class Counsel's application for an award of attorneys' fees and expenses associated with the lawsuit, and service awards; (d) provided a full and fair opportunity to all settlement class members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Fed. R. Civ. P. Rule 23, the U.S. Constitution, including the Due Process Clause, and any other applicable rules or laws. The Court finds that no settlement class members requested to be excluded from the settlement class, and that no objections to the Settlement Agreement, the request for attorneys' fees or expenses, or services awards has been filed or submitted.

6. **CAFA Notice.** The Court finds and concludes that the notice provided by Defendant to the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, satisfied the requirements of that statute.

7. **Release of Claims.** As of the date the Order and Final Judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiffs and each settlement class member, and each of their respective spouses and children with claims on behalf of the settlement class member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-

4

obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims (the "Release").

8. **<u>Dismissal with Prejudice.</u>** The settlement class members, Class Representatives and the Released Persons are bound by the Settlement Agreement and this Order and Final Judgment, and the lawsuit and the Released Claims against any of the Released Persons, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released. The parties will bear their own costs, except as otherwise provided in the Settlement Agreement.

9. **<u>Binding Effect.</u>** The terms of the Settlement Agreement and of this Order and Final Judgment will be forever binding on Defendant, Class Representatives, and all other settlement class members (regardless of whether any individual settlement class member submits a claim form or seeks or obtains any settlement benefits). The Class Representatives and all settlement class members are barred and enjoined from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Defendant or any of the Released Persons based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any settlement class members (including by seeking to amend a pending

complaint to include class allegations or seeking class certification in a pending action), against Defendant or any of the Released Persons based on the Released Claims; or (c) organizing settlement class members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against the Defendant or any of the Released Persons based on the Released Claims.

10. **Non-Admission.**  Neither the Settlement Agreement (nor its exhibits), whether or not it becomes final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendant in connection with settlement discussions, and discussions associated with them, nor the Order and Final Judgment are or will be deemed or construed to be an admission, adjudication, or evidence of:  (a) any violation of any statute or law or of any liability or wrongdoing by Defendant or any Released Persons; (b) the truth of any of the claims or allegations alleged in the lawsuit; (c) the incurrence of any damage, loss, or injury by any person; or (d) the propriety of certification of a class other than solely for purposes of the settlement.

11. **Use of Settlement Agreement and Ancillary Items.**  Neither the Settlement Agreement (nor its exhibits), whether or not it becomes final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendant in connection with settlement discussions, and discussions associated with them, nor the Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the lawsuit or in any other action or proceeding of any nature, by any person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this lawsuit) in which the Settlement Agreement is asserted as a defense.

12. **Modification of Settlement Agreement.** The parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) are consistent in all material respects with the Order and Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

13. **Fed. R. Civ. P. 11 Finding.** The Court finds that the parties and their respective counsel at all times during the course of the Lawsuit complied with the requirements of Fed. R. Civ. P. 11 as to each other. Any data or other information provided by settlement class members in connection with the submission of claims will be held in strict confidence, available only to the claims administrator, Class Counsel, and experts or consultants acting on behalf of the settlement class. In no event will a settlement class member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

14. **Termination of Settlement Agreement.** Notwithstanding the entry of this Order and Final Judgment, if the Settlement Agreement is validly terminated by Plaintiffs or Defendant, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Order and Final Judgment dismissing Plaintiffs' claims will be null and void with respect to such settlement; Plaintiffs' claims will be reinstated; Defendant's defenses will be reinstated; the certification of the settlement class and final approval of the proposed Settlement Agreement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement Agreement previously submitted and deemed to be valid, will be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, will be without prejudice to

the rights of any party, and of no force or effect; and the parties will be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this section, any provision(s) in the Settlement Agreement that the parties have agreed will survive its termination will continue to have the same force and effect intended by the parties.

15. **Claims Administration Process.** The claims administrator will administer the claims administration process, including the calculation of claims submitted by settlement class members and distribution of any settlement benefits to settlement class members, pursuant to the Court-approved settlement administration process in the Settlement Agreement.

16. **Attorneys' Fees and Costs.** Plaintiffs have moved for approval of an award of $350,000 in attorneys' fees inclusive of expenses. The Sixth Circuit has authorized the use of either the lodestar method or the percentage-of-fund approach to determine whether a request for attorneys' fees is reasonable based on the unique circumstances of each case. *See Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). After the reviewing the submissions of Class Counsel, the Court finds that under the percentage-of-fund approach the request amount of $350,000 (35% of the $1 million aggregate cap of the settlement fund) is a reasonable amount for attorneys' fees. *See Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 299 (W.D. Ky. 2014) (24% was reasonable); *Spine & Sports Chiropractic, Inc. v. ZirMed, Inc.*, No. 3:13-CV-00489, 2015 WL 1976398, at *3 (W.D. Ky. May 4, 2015) (33% was reasonable); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2009 WL 5184352, at *11 (W.D. Ky. Dec. 22, 2009) (50% was reasonable). Accordingly, Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (DN 77) is **GRANTED** as to the requested attorneys' fees and costs in the amount of $350,000.

17.     **Service Awards to Class Representatives.**  In Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, Plaintiffs requested an incentive award of $1,500 for each Class Representative.  Courts in the Sixth Circuit have considered these factors in determining whether to approve incentive awards for class representatives:  1) the action taken by the class representatives to protect the interests of class members and others and whether these actions resulted in a substantial benefit to class members; (2) whether the class representatives assumed substantial direct and indirect financial risk; and (3) the time and effort spent by the class representatives in pursuing the litigation.  *See Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 301 (W.D. Ky. 2014) (citing *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991)).  The Affidavit of Attorneys Lori G. Feldman and William B. Federman submitted in support of approval of the final settlement reflects that the Class Representatives have been actively engaged in the prosecution of this case by conferring with counsel, reviewing pleadings, and consulting with counsel as this matter was resolved through negotiation following a private mediation.  (Feldman & Federman Aff. ¶¶ 105-10, DN 79).  Under these circumstances and based on the factors considered by courts in the Sixth Circuit, the Court finds that a $1,500 incentive award for each Class Representative is appropriate.  Accordingly, Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (DN 77) is **GRANTED**, and service awards in amount of $1,500 each is approved for William Bowen, Amy Brasher, Jesse Rogers, John Champion, Jesse Gilstrap, and Mary Bleier-Troup.

18.     **Retention of Jurisdiction.**  The Court retains jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order and Final Judgment.

19. **Entry of Final Judgment.** There is no reason for delay in the entry of this Order and Final Judgment. Accordingly, the Clerk of the Court is expressly directed pursuant to Fed. R. Civ. P. 54(b) to immediately enter this final judgment in this action.

The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

October 8, 2024

cc: counsel of record